GEORGE DASHNER v. T. F. WALLACE ET AL.

Decided April 30, 1902.

**1.—Judgment—Injunction.**

See petition held to state a good cause of action for enjoining execution and the prosecution of garnishment upon a judgment, it having been obtained without service of process, and for a debt not owed, and without defendant's knowledge till it was sought to be enforced.

**2.—Direct or Collateral Attack.**

A proceeding in the district court to enjoin execution sale and prosecution of garnishment upon a county court judgment for more than $500 and have the judgment declared void because obtained without service of process, was a direct and not a collateral attack.

**3.—Void Judgment.**

A judgment obtained without service of process on defendant (falsely recited) is void and may be enjoined; it is not necessary to show fraud in obtaining it; and limitation did not run against the action till complainant knew of the existence of the judgment.

Appeal from Hunt. Tried below before Hon. R. D. Thompson.

*Bennett & Jones,* for appellant.

*Montrose & Starnes,* for appellee.

FISHER, CHIEF JUSTICE.—The petition of the appellant, plaintiff below, is as follows:

"Your petitioner, George Dashner, a resident citizen of the above written county and State, hereinafter styled plaintiff, complaining of T. F. Wallace, R. H. Wagner, L. B. Lyday, John McCalman, G. H. Dashner, R. M. Cosby, and R. P. Benge, hereinafter styled defendants, with respect would represent unto your honor:

'That defendants T. F. Wallace and R. H. Wagner are resident citizens of Dallas County, Texas. That defendants L. B. Lyday, John McCalman, G. H. Dashner, and R. M. Cosby are resident citizens of Hunt County, Texas, and that defendant R. P. Benge is a resident citizen of Fannin County, Texas.

"That defendant L. B. Lyday was duly elected and qualified and acting constable of precinct No. 2 of Hunt County, Texas, at the time of the levy of the execution hereinafter mentioned, and that the said John McCalman is now the duly elected, qualified, and acting constable of said precinct, succeeding the said Lyday.

"That heretofore, to wit, on the 13th day of February, 1889, defendants T. F. Wallace and R. H. Wagner, then composing a mercantile firm doing business under the style and firm name of Wallace & Wagner, filed in the County Court of Hunt County, Texas, their petition against the plaintiff herein, and defendants G. H. Dashner, R. M. Cosby, and R. P. Benge as defendants. The style of said suit being Wallace & Wagner v. G. H. Dashner et al., and being numbered on the docket of said court 1003.

"That said suit was instituted by said Wallace & Wagner to recover on a promissory note for the sum of $423, costs and attorneys fees, alleged in said petition to have been executed by G. H. Dashner & Co., R. M. Cosby, and R. P. Benge. That said petition further alleged that G. H. Dashner & Co. was a late firm, composed of George Dashner, the plaintiff herein, and G. H. Dashner, one of the defendants herein, and, as a partner of the said late firm of G. H. Dashner & Co., the plaintiffs in the said suit sought to hold plaintiff herein liable upon the note in said petition declared upon.

"That as prayed for in said petition, citation issued thereon commanding the sheriff of Hunt County, Texas, to serve the same on each and every of said defendants in said suit, and that the return of the said citation shows that it was served on the defendants G. H. Dashner, Geo. Dashner, the plaintiff herein, and R. M. Cosby, on to wit, the 26th day of February, 1888, and upon the defendant R. P. Benge upon the 11th day of March, 1889.

"That thereafter, on, to wit, the 8th day of June, 1889, judgment was taken and entered in said cause by default against all the defendants, including George Dashner, the plaintiff herein, for $514.75, together with 12 per cent interest thereon from the date of said judgment, and the costs of said suit, said judgment being recorded on pages 28 and 29 of Book C of the civil minutes of this court. That on, to wit, the 8th day of November, 1900, the defendant T. F. Wallace and R. H. Wagner caused to be issued a pluries execution on said judgment, and placed the same in the hands of the defendant L. B. Lyday, constable of said precinct in Hunt County, Texas, to be levied on the property of the defendants in said suit to satisfy said judgment, and that on the same date, to wit, November 8, 1900, defendants Wallace and Wagner caused a writ of garnishment to be issued upon said judgment against the Celeste

Oil and Cotton Company, a corporation in which plaintiff George Dashner was alleged, in the affidavit upon which said writ of garnishment was based, to have shares or an interest, and placed the said writ of garnishment in the hands of said defendant Lyday to serve upon the said corporation, the style of the said garnishment suit being Wallace & Wagner v. George Dashner, the Celeste Oil and Cotton Company, garnishee, and numbered 2731 on the docket of this court.

"The defendant Lyday, by virtue of said execution, on to wit, 9th day of November, 1900, levied upon the following described property belonging to plaintiff, to wit: Situated in the county of Hunt and State of Texas, in the town of Wolfe City, same being lot No. 7 and half of lot No. 8 in block No. 21, in said town of Wolfe City, Texas, beginning at the southwest corner of block No. 21 at the junction of Witt and Mason streets; thence north with Mason street 70 feet; thence east 140 feet to alley; thence 75 feet to Witt avenue; thence west with Witt avenue 140 feet to the place of beginning, said property being situated in precinct No. 5, Hunt County, Texas, and that the said Lyday thereupon proceeded to advertise, and the said McCalman, as Lyday's successor in office, was threatening to sell the said property on, to wit, 4th day of December, A. D. 1900, between the hours of 10 o'clock a. m. and 4 o'clock p. m., by virtue of the said levy, and that if he had not been restrained by this court in the exercise of its equity powers, said McCalman would have sold the said property in accordance with said advertisement on said date.

"That the said Lyday on the said 8th day of November, 1900, served said writ of garnishment upon the said Celeste Cotton Oil Company, commanding it to appear on the first day of the December term of this court, to wit, Monday, 3d of December, and answer whether or not the plaintiff George Dashner owns any shares of stock therein, and if so, how many, or whether he did own, at the service of said writ of garnishment, any shares of stock, and if so, how many, in said company; and to further answer if the plaintiff now has, or has had since the service of said writ, any interest in said company, and that if the said Wallace & Wagner had not been restrained by the equity powers of this court from prosecuting the said garnishment suit, the defendant in said garnishment proceedings would have been obliged to make answer to said writ, showing the plaintiff's connection therewith, and subjecting his stock or interest therein, if any he has, to the satisfaction of said judgment of June 8, 1889.

"Plaintiff shows to the court that although the officer's return, as aforesaid, shows that plaintiff George Dashner was served with citation in said cause, that in truth and in fact plaintiff was not served with citation in said cause. That said return was false and did not speak the truth as to plaintiff; that plaintiff had no notice by any means whatever that he, plaintiff, was a party to said suit, and that he never knew that judgment had been taken against him in said cause until the levy of said execution and the service of said writ of garnishment; and that if

plaintiff had had notice that he, plaintiff, had been made a party to said suit and that judgment had been taken against him in said cause at any time thereafter and before said notice of said levy and writ he would have immediately, upon obtaining such information, brought suit to set such judgment aside, and relieved himself of the burden of the same.

"Plaintiff further shows to the court that at the time the said suit was filed and said judgment was obtained, plaintiff was a minor of the age of 20 years, and that in said cause, as shown by the records therein, he was not represented either by counsel of his own choice or by guardian ad litem.

"Plaintiff shows to the court that he had and would have made, had he been permitted to do so by having had notice of the pendency of said suit against him, a good and valid defense to plaintiff's cause of action therein, in this, that plaintiff herein did not sign the note upon which said suit was based, nor did anyone sign the same for him at his direction or by his authority. That he was not at the time of the institution of said suit, nor was he thereafter, nor had he theretofore been ever a member of the partnership, under the style and firm name of G. H. Dashner & Co., nor theretofore, nor was he then a member of any kind or character of business partnership in Hunt County, Texas, or anywhere else. And that the plaintiff was not at the time of the institution of said suit, nor at the time of the rendition of said judgment, nor was he ever theretofore nor has he been thereafter, in any manner or in anywise indebted to the defendants T. F. Wallace and R. H. Wagner, plaintiffs in said suit, or either of them.

"That upon the filing of the original petition herein, to wit, November 30, 1900, the court granted, according to the prayer therein, a temporary writ of injunction enjoining and restraining the collection of said judgment, by means of said execution and of said garnishment proceeding, until the final hearing hereof.

"Wherefore, because plaintiff says that he was not served with citation in said cause, and had no notice that he was a party therein, that the court had no jurisdiction over him, and that the said judgment as to plaintiff is null and void, because without his fault he was denied the right to make his defense thereto, and that it would be against equity and good conscience, would be oppressive and unjust to enforce the same against him. That plaintiff has no legal remedy by which to stay said execution, and prevent the collection of the said judgment and said garnishment proceedings or suit, and that without the interference of this court, in the exercise of its equity powers, plaintiff would be obliged to satisfy the said judgment, to his irreparable and irremediable damage.

"Plaintiff therefore prays, premises considered, your honor having already granted as aforesaid a temporary injunction enjoining and restraining the defendants T. F. Wallace, R. H. Wagner, John McCalman and L. B. Lyday, their agents and attorneys and all others who may be interested in or claim an interest in said judgment, from prosecuting the collection of same by means of said garnishment proceedings and said

execution, and each of the defendants herein having been cited to answer in this cause; that upon the final hearing hereof plaintiff have judgment perpetuating the said temporary writ of injunction annulling and setting aside said judgment as to plaintiff, and perpetually enjoining and restraining defendants and all others from the collection of same, and such other and further relief as plaintiff may in equity and good conscience appear to the court to be entitled to, and for the costs of suit."

This petition was verified by the affidavit of the plaintiff. Demurrers were sustained to the petition and judgment rendered dissolving the temporary injunction and dismissing plaintiff's cause of action. In our opinion the petition states a cause of action, and the court erred in sustaining the demurrers and dismissing the plaintiff's case, for the following reasons:

1. The relief asked was a direct and not a collateral attack upon the judgment sought to be enjoined. Crawford v. McDonald, 33 S. W. Rep., 327.

2. The remedy pursued was not barred by limitation. It could not be expected that plaintiff could or would avail himself of a remedy until he knew that a cause of action existed. The averments of the petition are to the effect that he had no notice or knowledge of the existence of the judgment until after the issuance of the execution. Kempner v. Jourdan, 26 S. W. Rep., 870.

3. If the averments of the petition are true, it states a good defense to the original cause of action, which was merged in the judgment sought to be enjoined.

4. Fraud upon the part of the plaintiff in attempting to acquire service or obtaining the judgment need not be shown. Kempner v. Jourdan, 26 S. W. Rep., 870.

5. For the want of service upon the plaintiff in the original suit, no jurisdiction was obtained over his person, which is essential to the validity of a judgment. Railway v. Rawlins, 80 Texas, 580.

6. A judgment rendered without jurisdiction is void and may be enjoined. Railway v. Rawlins, 80 Texas, 581; Witt v. Kaufman, 25 Texas Supp., 386.

For the reasons stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*