THE STATE OF TEXAS ET AL. v. B. D. DASHIELL.

Decided May 14, 1903.

**1.—Tax Sale Under Judgment—Setting Aside—Citation to Owner—Recitals of Service.**

Where the State brought suit for delinquent taxes against the "unknown owners" of a tract of land and also against D., who was alleged to reside in B. County, Texas, and citation to the unknown owners was issued, and after its publication a supplemental petition was filed alleging that D. was then in K. County, with prayer for citation to that county, a recital in the judgment that defendants were duly cited by publication, and that an attorney was appointed to represent those so cited, was not a recital that D. was so cited, and evidence was admissible to show that process had never been served on him.

**2.—Same—Notice to Owner—Void Judgment.**

Since the statute makes the owner of the land a necessary party to such suit, he would be entitled, where he had no notice of the suit, to relief against the judgment therein notwithstanding it recited that he had been served with citation, or that he had voluntarily appeared in person or by attorney.

**3.—Same—Limitation—Action Set Aside.**

An action to set aside a judgment for delinquent taxes and a sale of land thereunder comes within the four years statute of limitation (Rev. Stats., art. 3358), and is not controlled by article 1375, allowing bills of review for new trial within two years where service has been by publication.

**4.—Same—Judgment for Taxes.**

Since such an action was addressed to the equitable jurisdiction of the court, plaintiff was properly required, upon the setting aside of the tax judgment and sale, to pay his proportion of the taxes due on the land and of the accompanying costs.

Appeal from the District Court of Houston. Tried below before Hon. John Young Gooch.

*Adams & Adams,* for appellants.

*McKinney & Hill,* for appellee.

GARRETT, CHIEF JUSTICE.—On August 23, 1899, the county attorney of Houston County filed suit in the District Court of that county in the name of the State of Texas against the unknown owners and the unknown heirs of Peter Tumlinson and J. L. Monroe, both deceased, whose residence was alleged to be unknown, and against B. D. Dashiell, who was alleged to reside in Bexar County, and Green Erwin, who was alleged to reside in Houston County, for the recovery of the delinquent taxes due the State of Texas and the county of Houston on the Peter Tumlinson survey of 639 acres situated in said county. The petition was sworn to as required by the Act of the Twenty-fifth Legislature under which the suit was brought. Gen. Laws 1897, p. 132. Affidavit was also made by the county attorney on August 23, 1899, the date of the filing of the petition, that "the defendants described in the foregoing petition, and who are referred to therein as the owners of the land or lots therein described, or as having or claiming some interest in the

same, legal or equitable, are unknown to affiant, and after inquiry can not be ascertained; and affiant further swears that the names and the residence of said defendants are unknown to him, and after inquiry can not be ascertained." On the same day, to wit, August 23, 1899, citation for publication was issued to "all persons owning or having or claiming any interest in the following described land delinquent to the State of Texas and county of Houston for taxes, to wit:" etc. The writ recited that suit had been filed "by the State of Texas against unknown owner, and the unknown heirs of Peter Tumlinson and J. L. Monroe, both deceased, and B. D. Dashiell and Green Erwin and all other persons interested in the land herein sued on, as defendants," etc., and that "whereas, the said owners and their names and residence are unknown, and the affidavit of said county attorney having been made, setting forth that said owners or claimants and their names and residences are unknown to affiant, and after inquiry can not be ascertained. These are therefore to command you," etc. "All persons owning or having or claiming any interest" in the land were "notified that said suit had been brought by the State for the collection of said taxes, and you are hereby commanded to appear and defend such suit at the October term, A. D. 1899, of the District Court of said Houston County," etc. The citation was published in the Crockett Courier, a newspaper published in Houston County, on the 1st, 15th and 22d days of September, and return thereof made by the sheriff, accompanied by the printer's affidavit. On October 29, 1899, the county attorney filed a supplemental petition showing that since the filing of the suit it had been learned that B. D. Dashiell resided in Kaufman County, and not in Bexar County as alleged in plaintiff's original petition, and asked for process for him to Kaufman County. Dashiell was never served with process. On March 14, 1900, Young & Painter, attorneys, "appointed by the court to represent the unknown defendants, if any, who have been cited by publication," filed an answer containing a general demurrer and general denial. Judgment was rendered April 16, 1900, in favor of the State for $47.05 taxes and the further sum of $52.33 for interest and costs, aggregating $99.38, against "the defendants, unknown owners and the unknown heirs of Peter Tumlinson and J. L. Monroe, both deceased, and B. D. Dashiell, Green Erwin and all other persons interested in the land," and the lien was established and the land ordered sold. A fee of $10 was "allowed the defendants attorneys," and ordered to be taxed and collected as a part of the costs. An order of sale was issued on the judgment May 12, 1900, and 480 acres of the land were sold thereunder to J. E. Downes for $150, and a deed therefor executed to him by the sheriff July 9, 1900. Downes conveyed the 480 acres by deed dated May 22, 1901, to J. H. Painter, A. D. Shrewsbury and J. W. Young for a consideration of $300. The balance of the tract was conveyed to Painter, Shrewsbury and Young by Albert Huffman May 27, 1901. Young conveyed his interest to Shrewsbury July 26, 1901. B. D. Dashiell owned 480 acres of the survey by conveyance from J. L. Monroe and others, the

only heirs of Peter Tumlinson, the original grantee, except a child of Albert Huffman. Dashiell's deed was dated March 5, 1891, and was recorded in the deed records of Houston County. It recited Dashiell's residence as in Leon County. The land sold was worth $1200.

Dashiell never knew that the suit had been brought, or that the judgment had been rendered against him for the taxes, or that the land had been sold as above stated, until the spring of 1902. He resided in Leon County. On July 16, 1902, he filed a petition in the District Court of Houston County for the cancellation and setting aside of the judgment and of the sheriff's sale and deed. The cause was tried by the court without a jury and resulted in a judgment setting aside the original judgment, but the taxes and costs, amounting to $109.93, were adjudged to be a lien upon the land, and B. D. Dashiell was required to pay the same to the said Painter and Shrewsbury, and the balance of the bid of said Downes, to wit, $40.07, the clerk was ordered to pay to them also. The costs of the proceeding were adjudged one-half against each party. From this judgment Painter and Shrewsbury have appealed; and Dashiell has filed a cross-assignment of error against the action of the court in rendering judgment against him for the sum of $109.93.

It clearly appears from the record that Dashiell was not sued as a non-resident, or as a person whose residence was unknown, and he was not cited as such. The petition filed in the original suit alleged that he resided in Bexar County; and on the same day affidavit was made for citation by publication for the defendants whose names and residence were unknown. The citation was issued on the same day, and required the unknown defendants to appear to the October term of the court. Dashiell could not have been included in it because he was named and the county of his residence alleged. After the publication of the citation a supplemental petition was filed alleging that Dashiell was then in Kaufman County and praying for citation to that county. The recital in the judgment, read in the light of the whole record, can not be construed as a recital of service upon Dashiell. As the owner of the land it was necessary to make Dashiell a party to the suit. Gen. Laws 1897, pp. 134, 135; Green v. Robertson, 70 S. W. Rep., 345; and having had no notice of the suit, he would be entitled to relief against the judgment, notwithstanding a recital therein that he had been served with citation, or that he had voluntarily appeared in person or by an attorney. Hamblin v. Knight, 81 Texas, 355. A personal judgment against one over whom no jurisdiction had been acquired is a nullity. Glass v. Smith, 66 Texas, 548. The recital in the judgment, in the light of the record that the defendants were duly cited by publication and that attorneys were appointed to represent the defendants cited by publication, is not a recital that Dashiell was cited by publication, and evidence was admissible to show that he had never been served with process. This was a direct proceeding to set aside the judgment against Dashiell and the sale of the land thereunder, and was not controlled by the statute (Rev. Stats., art. 1375) allowing bills of review for a new trial within

two years after judgment rendered or service of process by publication. The statute of four years limitation applies. Rev. Stats., art. 3358; Heidenheimer v. Loring, 6 Texas Civ. App., 560. It is not deemed necessary to notice the assignments of error in order, as what has been said disposes of all of them that are material. It was proper for the court to require Dashiell to pay his proportion of the taxes upon the land and the costs. His application for the setting aside of the judgment was addressed to the equitable jurisdiction of the court, and since Dashiell had never paid the taxes and the interest and costs on his share of the land, and the same were paid by the purchaser, he should be required to repay three-fourths thereof, but not more, and the judgment will be reformed to that extent, and as reformed it will be affirmed.

*Affirmed.*