S. G. Rose et al. v. W. P. Darby et al.

Decided October 28, 1903.

**Judgment in Suit by Publication—Limitation.**

A direct proceeding to vacate a judgment rendered on process by publication procured by fraud is not barred until four years from the time when the fraud was or should have been discovered.

Appeal from the County Court of Lampasas. Tried below before Hon. D. C. Thomas.

*H. F. Lewis* and *Gooch & Springer,* for appellants.

*A. McFarland,* for appellees.

STREETMAN, Associate Justice.—This was a direct proceeding brought by appellants in the justice court of precinct No. 1, Lampasas County, Texas, on September 27, 1902, to vacate a judgment rendered against them in favor of appellees on March 26, 1900. Exceptions were sustained to the petition and the cause dismissed.

The only question involved in the appeal is whether the petition showed upon its face such delay in bringing this suit as to warrant the court in sustaining exceptions to the petition.

The petition, in effect, alleged that the judgment sought to be vacated was rendered upon a citation by publication, and that this was procured by the plaintiffs in that suit fraudulently making affidavit that the residence of the defendants was unknown, when in fact they knew, or by reasonable diligence could have discovered, the residence of the defendants.

. It is shown that G. S. Rose had a valid defense to the principal part of the cause of action, and that his wife had a valid defense to all of it, and that neither of them knew for some time after said judgment was rendered that such suit was pending. They had lived in Anderson County, Texas; several years at the time the suit was brought.

This suit was brought within four years from the time said judgment was rendered. This was not the character of proceeding contemplated by article 1375 of the Revised Statutes, fixing two years as the limit within which application for a new trial must be made in suits where service of process has been made by publication. This was a direct proceeding to vacate the judgment on account of fraud. Heidenheimer v. Loring, 6 C. A., 560. There is no limitation specially prescribed for this character of suit, and therefore under article 3358 it is not barred until four years from the time the fraud was or should have been discovered. Faust v. Warren, 6 Texas Ct. Rep., 752; McLane v. Bank, 4 Texas Ct. Rep., 891; Dashner v. Wallace, 4 Texas Ct. Rep., 810; Cetti v. Dunham, 3 Texas Ct. Rep., 98; Stewart v. Robbins, 65

S. W. Rep., 899; Harrison v. Lakey, 63 S. W. Rep., 1030; Fox v. Robbins, 62 S. W. Rep., 815.

Because the court erred in sustaining exceptions to the petition of appellants, the judgment is reversed and the cause remanded.

*Reversed and remanded.*