### BOARD v. ADAMS et al.

(Court of Civil Appeals of Texas. Amarillo. March 16, 1912. Rehearing Denied April 20, 1912.)

1. JUSTICES OF THE PEACE (§ 119*)—JUDGMENT—VALIDITY—PROCESS.

A judgment by a justice of the peace without service of citation was void, and the defendant was entitled to have it annulled.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 373–376; Dec. Dig. § 119.*]

2. JUSTICES OF THE PEACE (§ 135*)—JUDGMENT—INJUNCTION.

A bill to enjoin execution of a judgment of a justice of the peace, alleging that it was based on citation purporting to have been served on a defendant thereunder, but alleging that he was not served, but not alleging facts showing the invalidity of the judgment for want of proper process and service, nor negativing facts to prevent the running of the statute of limitations against his action to set it aside, was insufficient.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 426–447; Dec. Dig. § 135.*]

Appeal from District Court, Hutchinson County; F. P. Greever, Judge.

Bill by S. J. Board against L. T. Adams and others to enjoin the execution of a judgment. From a decree for defendants, plaintiff appeals. Affirmed.

Cooper, Merrill & Lumpkin, of Amarillo, for appellant. P. B. Cox, of Wichita Falls, for appellees.

HALL, J. The appellant, Board, instituted this suit in the district court of Hutchinson county July 3, 1911, to enjoin the execution of a judgment rendered in the justice court of Dallas county November 25, 1901, and to cancel said judgment.

The petition for injunction sets out transactions preceding the filing of the suit upon which the judgment was obtained, and they show that the judgment is based upon a promissory note given by appellant, for the amount of the premium due upon an insurance policy, and further alleges in substance as follows: "In May, 1901, the said Adams (appellee) sued plaintiff (appellant) upon said note in the justice court of Roberts county, and plaintiff was served with citation issued in said cause, and in obedience thereto appeared in said court at the time specified in said citation, and that said Adams, who was plaintiff in said suit, failed to prosecute said suit and it was dismissed, and afterwards on October 3, 1901, the defendant Adams filed suit upon said note against plaintiff in justice precinct No. 1 of Dallas County, and caused citation to be issued for this defendant to Hutchinson county, citing him to appear and answer said suit, and that said citation purports to have been served by W. M. Dixon on October 19, 1901, and that on November 25, 1901, a judgment was entered in said justice court against plaintiff for the sum of $134.10, together with costs of suit; that the records of said cause show that execution was issued on December 6, 1901, to Dallas county; that alias execution issued August 23, 1905, to Hutchinson county; that pluries execution issued March 1, 1911, to Hutchinson county, and that said last execution is now in the hands of defendant W. S. Christian, sheriff of Hutchinson county, Tex., who at the instigation and under the direction of defendant L. T. Adams has levied the same upon the W. ½ of section No. 100, E. Sumner original grantee, in Hutchinson county, Tex., containing 320 acres of land," etc. The petition further alleges as follows: "Plaintiff further shows to the court that said alleged and purported judgment set forth is void and of no force and effect, in this: that plaintiff was never at any time served with citation in said cause in person at this time nor at any other time and has never had any legal notice of said suit." The only remaining allegation as to the question of notice contained in the pleading is "plaintiff further shows to the court that said note is and was barred by the statute of limitation when said purported suit was filed, and, had he had personal notice of said suit, he could and would have plead said statute of limitation in bar of said defendant L. T. Adams' right to recover therein," etc. The appellee specially excepted to said petition as follows: "Further specially demurring to said petition, defendants say that, if plaintiff ever

had a cause of action as set out in said petition, the same is barred by the statutes of limitations as follows: 'That said cause of action is barred by the four-year statute of limitation, and has been for more than four years since the rendition of said judgment.'" The trial judge sustained this exception and others not necessary to mention, and, appellant refusing to amend, his petition was dismissed, from which order of dismissal the appellant brings the case to this court for review. It will not be necessary in disposing of the appeal to consider the assignments of error in detail.

[1] If the justices' judgment was rendered without the service of citation upon appellant, it was void, and there can be no question as to his right to have it annulled. Foust v. Warren, 72 S. W. 405; State v. Dashiell, 32 Tex. Civ. App. 454, 74 S. W. 779; Rose v. Darby, 33 Tex. Civ. App. 341, 76 S. W. 799. In our opinion article 3358, Revised Statutes, is applicable to this suit. Lane et al. v. Moon et al. 46 Tex. Civ. App. 625, 103 S. W. 211.

[2] The principal question to be considered is, Was the application for injunction sufficient as against the special exception urged by appellee? The allegations of notice made in the petition can be taken only with reference to the validity of the judgment itself, and while they render the judgment void, if true, nevertheless it is shown in the petition that the judgment is based upon a citation issued out of the justice court of Dallas county, and purporting to have been served upon the appellant, which would have the effect of making said judgment prima facie valid and sufficient to support the execution. It is therefore incumbent upon appellant to allege the facts showing, not only the invalidity of the judgment for want of proper process and service, and that he has a valid defense thereto, but his application for injunction must be supported by allegations negativing the existence of facts which would prevent the running of the statute of four years' limitation against his action to set it aside. His petition upon its face shows prima facie that his right to bring this action is barred, and, in the absence of any allegation by him that he had no notice of the existence of said judgment during the period since it was rendered, the exception was properly sustained. As was said by the Supreme Court in the case of Gillis v. Rosenheimer, 64 Tex. 243: "The petition for injunction should state all and negative all which is necessary to establish the right." The rule is correctly stated in Harrison v. Crumb, 1 White & W. Civ. Cas. Ct. App. § 992, as follows: "The rule of pleading that the statements of a party are to be taken most strongly against himself is reinforced in injunction suits by the further requirement that the material and essential elements which entitle him to relief shall be sufficiently certain to negative every reasonable inference arising from the facts so stated, from which it might be deduced that he might not, under other supposable facts connected with the subject, be entitled to relief." Cotulla v. Burswell, 22 Tex. Civ. App. 329, 54 S. W. 614; City of Paris v. Sturgeon, 50 Tex. Civ. App. 519, 110 S. W. 459.

There being no error in the court's ruling sustaining this exception, it becomes unnecessary to further consider the remaining assignments, and the judgment is affirmed.