## CARSON v. PETERS.   (No. 2730.)

(Court of Civil Appeals of Texas.   Amarillo. Dec. 15, 1926.)

**1. Limitation of actions ⬤⟿37(4)—Suits to cancel instruments dealing with land title are barred four years after actual notice of suit affecting title to land involved (Rev. St. 1925, art. 2236).**

Suits to cancel instruments dealing with land title are barred in four years after actual notice of pendency of suit or rendition of judgment affecting land title involved; two-year period of limitation prescribed by Rev. St. 1925, art. 2236 (Vernon's Sayles' Ann. Civ. St. 1914, art. 2026), not being applicable.

**2. Limitation of actions ⬤⟿100(11)—Plaintiff to suit to cancel instruments dealing with land title must show diligence, upon discovery of fraud, to resist defense of limitations.**

To resist defense of four-year statute of limitation, plaintiff to suit for cancellation of instruments dealing with land title must prove use of due diligence in acting when fraud was discovered.

Appeal from District Court, Terry County; Gordon B. McGuire, Judge.

Suit by Myrtle Carson against John Peters to cancel certain instruments.   From an adverse judgment, plaintiff appeals.   Affirmed.

Lockhart & Garrard, of Lubbock, for appellant.

Joe J. McGowan, of Brownfield, for appellee.

RANDOLPH, J.   This suit was filed by appellant in the district court of Terry county against appellee, seeking the cancellation of certain judgments, order of sale, sheriff's deeds, and execution in certain causes theretofore pending in said court.   From an adverse judgment, appellant has appealed to this court.

Plaintiff's amended original petition alleges that she and her husband were the owners of lot No. 20, block 33, of the town of Brownfield, and that during the year 1916 the state of Texas, purporting to act through her district attorney, filed suit in the district court of Terry county against A. W. Carson for the amount of taxes due on said property in favor of the state of Texas and county of Terry for the years 1911, 1912, 1913, 1914, and 1915, and for a foreclosure of the tax lien on said lot; that said judgment was rendered in said cause against A. W. Carson and others

for the sum of $19.56 taxes and $4.75 costs, and for a foreclosure of said tax lien.

Plaintiff further alleges that said suit was fraudulently brought, for the fraudulent purpose of depriving plaintiff and her husband of said lot, in that the amount of taxes due on said property for all of said years amounted only to the sum of $1.75, and that it was attempted in said suit to charge said property with taxes that were due on other property in said block 33, and that there was no legal assessment of said taxes against said property for the years named, for the reason that said property was assessable with other property in said block, and that the action of the person representing or purporting to represent the state of Texas in said suit was a fraud upon the court in which said suit was filed.

Plaintiff also alleges that the judgment rendered in said cause was and is void, for the reason that it was based on alleged taxes which were never rendered or assessed, and which were never due, and which was in violation of the law and Constitution of this state, in that it attempted to deprive plaintiff and her husband of said property without due process of law; that said judgment was void, because the defendant therein, A. W. Carson, was never cited to appear and answer in said suit in the manner provided by law, in that the defendant in a proceeding of that kind can be legally cited by publication or posting of a notice only where there has first been filed by the county or district attorney an affidavit setting forth that the defendant is a nonresident of the state of Texas, or that his residence was to the attorney unknown, and that said affidavit was not filed by the county or district attorney, nor by any person authorized to do so; that the plaintiff and her husband, at the time of the filing of said suit, resided in the state of Arizona, and had no actual notice of said suit, and did not learn of the filing of same, or of the rendition of said judgment, for at least two years after said judgment was rendered, and that she did not know of the fraud perpetrated on her in said suit, in charging her property with more taxes than were assessed against same for more than two years after the rendition of said judgment.

Plaintiff further alleges: That said property was sold for the payment of the following illegal fees: $5 for the county attorney, $5 for the attorney appointed by the court, and $3 for the posting of notices.   That W. W. Price and Charles Triplett attempted to represent the state of Texas in said suit, and that they were not authorized by law to act as such representatives, etc.

Plaintiff further attacks the return on the order of sale issued under said judgment, on the ground that same fails to show the

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

amount of the bid of Charles Triplett, to whom the property was sold, and further that the same fails to show that the money bid was paid to the sheriff, and further that the deed executed by the sheriff was void, for the reason that W. W. Price was identified with said sale, in that he acted as deputy district and county clerk at the time said suit was filed; that he represented the state at the time the judgment was rendered, and at the time the property was bid in by Charles Triplett, and that there was an understanding between Triplett and Price whereby they were equally interested in said property, and that same was bid in for the use of said Price and Triplett; and that said sheriff acknowledged the deed conveying the property in controversy before said Price, as county judge.

The plaintiff thereupon prays judgment as follows:

"That said judgment, order of sale, sheriff's deeds, and execution be annulled, canceled, and held for naught, and that the cloud cast upon plaintiff's property be removed, for the costs of this suit, and for all other and further relief, both special and general, in law and in equity, that she may be entitled to receive, and for which she will ever pray."

Defendant Peters filed answer, consisting of general and special exceptions and general denial, and an answer to the merits. Defendant Triplett filed a general denial, and defendant Price disclaimed as to any interest in the subject-matter of this suit.

[1, 2] There are no data available from which we can ascertain from the record the date of the filing of the plaintiff's original petition. Her first amended original petition was filed on the 19th day of September, 1925. The judgment sought to be set aside and canceled was rendered and entered in the Texas judgment minutes of the district court of Terry county on the 3d day of May, 1918; hence the time elapsing between the rendition of the judgment attacked and the filing of the amended petition in this suit is more than six years. The plaintiff in her amended petition says that she had no notice of the rendition of the judgment for more than two years after its date, but nowhere alleges the date when she first discovered the fraud upon herself and upon the jurisdiction of the court. Neither is there any evidence to establish the facts (1) that she did not have actual knowledge of the pendency of the suit or of the rendition of the judgment; and (2) that she brought this suit within a period of time not barred by limitation. If we concede that the petition is sufficient in setting up the fact that the plaintiff did not know of the rendition of the judgment until after its rendition, there is no proof to show that these allegations are true. The plaintiff did not testify in the case, and no witness informs us for her that she acted with diligence in bringing this suit.

"Prima facie delay or laches must be excused to warrant relief." 34 C. J. § 470, p. 245; section 473, p. 247.

"A party who has knowledge of the judgment against him is required to exercise reasonable diligence in seeking to have it set aside, and his unexcused delay in making the application, amounting to laches, will justify the court in refusing the relief asked, especially where under the circumstances of the particular case the vacating of the judgment would work undue hardship to the opposing party, or where rights of innocent parties have intervened." 34 C. J. § 488, p. 265.

If the plaintiff herein had actual notice of the pendency of the suit, or the rendition of the judgment, relief should not have been granted as prayed for, after the lapse of six years. Roller v. Ried (Tex. Civ. App.) 24 S. W. 655.

The rule has been laid down that suits of this character do not come under the two-year statute (article 2236, Revised Civil Statutes 1925; article 2026, Vernon's Sayles' Texas Civil Statutes, 1914, but come under the four-year statute (Rev. St. 1925, art. 5529). The period of limitation, however, runs from the discovery of the fraud or from the time when it should have been discovered. Rose v. Darby, 33 Tex. Civ. App. 341, 76 S. W. 799, 800.

In order to have resisted the defense of the four-year statute of limitation, the plaintiff, by proof, ought to have brought herself under one of the exceptions by proving that she acted with diligence when she discovered the fraud. Heidenheimer v. Loring, 6 Tex. Civ. App. 560, 26 S. W. 99. Especially is this true, in view of the conclusion of the trial court that by reason of the lapse of time, and that no tender of the amount paid by the defendant Peters was made to him, the trial court was led to the conclusion that the plaintiff had no cause of action.

In view of our disposition of the questions above discussed, we do not deem it necessary to discuss other questions raised in appellant's brief.

The trial court's judgment is affirmed.

HALL, C. J., not sitting.