### REISTINO v. CHANDLER et al.
### No. 2370.

Court of Civil Appeals of Texas. Waco.
Dec. 11, 1941.

Lane & Grace, of Hearne, for appellant.

Stahl & Sohn and Roy Walford, all of San Antonio, for appellees.

TIREY, Justice.

This is an appeal from an order dissolving temporary writ of injunction theretofore granted to restrain the sale of real estate under execution issued out of the justice court on a judgment in garnishment. The trial court, upon consideration of the pleadings and without hearing any testimony, held, in effect, that he had no jurisdiction of plaintiff's suit and abated and dismissed the same.

Appellant has assailed the ruling of the trial court mainly on the ground that his application for injunction alleged facts which, if proved in the trial of the case on its merits, entitled him to a cancellation of the judgment rendered in the justice court, out of which said execution issued. This assignment must be sustained.

Plaintiff, in his bill for injunction, alleged substantially: (1) that he was a resident citizen of Robertson county, and that the constable of precinct No. 6 of said county had levied execution issued out of said

justice court on a judgment in garnishment, styled Thomas R. Chandler v. Joe Reistino et al., theretofore rendered on November 25, 1935, for the sum of $125.20, with interest thereon from date at the rate of ten per cent per annum, together with all costs of suit, and that said constable had levied on 135 acres of land located in said county belonging to plaintiff and not designated as a homestead and had advertised the same for sale, and that unless restrained he would proceed to sell said property; (2) that no writ of garnishment was ever served upon him and that he had no notice whatsoever of the claim against him until about March 14, 1940; (3) that if any writ of garnishment was issued out of the main suit in the justice court against him or any return of service thereon, purporting to show service upon him, that same was wholly false and that he had no notice of the garnishment writ or the judgment entered thereon, either actual or constructive; (4) that the plaintiff alleged that he was not indebted to the plaintiff in the main suit, out of which the writ of garnishment purportedly issued, and likewise alleged that he was not indebted to the defendants in the main suit in any sum whatsoever, nor did he have any effects or properties of said defendants in the main suit, nor had he ever had any of the properties or effects of defendants in his possession. He alleged a complete defense to the garnishment judgment and asked that it be canceled, and made affidavit to his bill.

We have considered the petition very carefully and, in our opinion, the petition states a cause of action, and the court erred in sustaining the demurrers and in abating and dismissing the plaintiff's suit. The plaintiff's petition was a direct attack upon the garnishment judgment and the remedy pursued by him was not barred by limitation. The plaintiff, by his petition, brought himself within the rule announced in Dashner v. Wallace, 29 Tex.Civ.App. 151, 68 S.W. 307, and this cause should be heard by the trial court on its merits. See also Board v. Adams, Tex.Civ.App., 146 S. W. 685; Southern Surety Co. v. Texas Oil Clearing House, Tex.Com.App., 281 S.W. 1045; Crawford v. McDonald, 88 Tex. 626, 33 S.W. 325, point page 327.

We think we should say that the plaintiff's bill for injunction shows on its face that the judgment in garnishment was prematurely rendered. A copy of the judgment in the main suit is attached to the plaintiff's bill as an exhibit, and this judgment shows that it was rendered on a promissory note in the sum of $125.20, executed and delivered to the judgment creditor by the defendants Y. B. Taylor, Alfred Taylor and Shep Henderson, and that this note was secured by two separate chattel mortgages, the first mortgage executed in 1934 covering a mule, all farming implements and one Ford Touring car; the mortgage in 1935 covering apparently the same property and, in addition thereto, another Ford car and equipment thereon, together with all interest in crops and government rentals raised on two separate farms in Robertson county during the year 1935. Each of these mortgages was duly filed for record with the county clerk of said county, and the judgment recited that the judgment creditor had a first mortgage lien on all of the properties described in each of said chattel mortgages, and it expressly foreclosed the mortgage liens therein recited. The judgment in the main suit, which was joint and several against the makers of the note, was entered on November 25, 1935. A copy of the judgment in garnishment is attached as an exhibit to plaintiff's bill and the judgment in garnishment shows that it was rendered on the same day as the judgment in the main suit, and the judgment in garnishment also awarded judgment by default in favor of the judgment creditor in the main suit against plaintiff in this bill, Joe Reistino, for the full amount of the judgment on the note as theretofore awarded against defendants in the main suit, together with all costs and interest at the rate of ten per cent per annum. The judgment creditor, having accepted from the defendants in the main suit the chattel mortgages as security for the debt due him by the defendants, was under the duty to exhaust his security before calling the plaintiff in this bill (a stranger to the debt that he sought to collect) into court on a writ of garnishment and thereby subjecting him to the inconvenience and hazard of garnishment proceedings. Bueger v. Wells, 110 Tex. 566, 222 S.W. 151; Teague v. Fairchild, Tex.Com.App., 15 S.W.2d 585, point pages 587, 588.

If, upon a trial on the merits, the court shall find the recitals in the judgment in the main suit to be as shown in the exhibit and the recitals in the garnishment judgment to be as shown in the exhibit, it will be the duty of the trial court, under the foregoing decisions, to cancel the judgment in garnishment and the execution issued

thereon and award all costs against defendants in this bill.

The judgment of the trial court is reversed and the cause is remanded for a new trial; and the temporary writ of injunction heretofore granted is continued in force and effect to abide the decision of the trial of the case on the merits.