## HENDRICKS v. KOPECKY et ux.

### No. 12788.

Court of Civil Appeals of Texas. Dallas.
Nov. 4, 1939.

Rehearing Denied Dec. 2, 1939.

Cedric G. Hamlin, of Dallas, for appellant.

Eades & Eades, of Dallas, for appellees.

YOUNG, Justice.

The suit in the lower court was by Kopecky and wife against appellant, in trespass to try title, to which Ida May Hendricks, as defendant, interposed statutory and other defenses—also a cross action for damages. In a jury trial, plaintiffs were given peremptory instruction for title and possession, the only fact question for the jury's determination being rental value of the premises involved. Appellant's brief, predicated upon some fifty-eight assignments of error, complained of various rulings and instructions of the trial court, which assignments, after the first twenty, are brought forward and treated as propositions. The house and lot in question, being separate property of Mrs. Kopecky, has been continuously occupied by Ida May Hendricks since about October 4, 1930, by virtue of an agreement in writing (not acknowledged by any of the parties), which reads: "Subject to the conditions and provisions hereof, we, Leo Kopecky and wife, Victoria Kopecky, hereby lease unto Ida May Hendricks, a widow, for a period of five years from date hereof, the following described land and premises, to wit: All that certain lot, tract or parcel of land lying and being situated in

the County of Dallas, State of Texas, and being part of Lots Nos. Five, Six and Seven (5, 6 & 7) of Cosby's sub-division of 26 acres of land out of the Lagow Survey, and being the West twenty-seven (27) feet off of the Lot No. Five (5), and the East ten (10) feet off of the East Side of Lot No. Six (6), and 10x34 feet out of the Northeast corner of Lot No. Seven (7); said lot being 37x123 feet and described in deed of record in Vol. 1462, page 225, Deed Records of Dallas County, Texas, together with a four room cottage thereon situated, to be used for residence purposes only. The rental to be paid for said property and premises is the sum of Four Dollars ($4.00) per week, payable in advance on Saturday of each week during the continuance of this lease. If no default be made hereunder, we agree and hereby give the said Ida May Hendricks. the right and option to purchase the above described property and premises at the expiration of this lease for the price of Seven Hundred and Sixty Dollars ($760.00) to be evidenced by note of even date with deed; said note to be due and payable $4.00 per week on each Saturday until fully paid; same to be secured by vendor's lien retained in deed and also by deed of trust upon said property and to provide that a failure to pay any installment on said note shall at the option of the holder mature the same. The said Ida May Hendricks hereby agrees to rent and lease the above described property and premises on the terms above indicated and to pay said rental as above provided and to further take good care of said property and premises and at her own cost keep the same in good repair and condition and to pay all taxes thereon as the same accrue and to pay all fire insurance premiums upon the improvements on said property. If default be made in the payment of any installment of rent when due hereon or in the performance of the other agreements herein then at the option of Lessors this lease shall terminate and the option to purchase said property shall be forfeited and this contract shall become null and void and of no further force or effect. Witness our hands in duplicate, this the 4th day of October, A. D. 1930. (Signed) Victoria Kopecky (Signed) Leo Kopecky Owners and Lessors. (Signed) Ida May Hendricks Lessee."

Following the statutory action of the Kopeckys, they plead the above instrument, denominating same a five-year lease which had terminated long prior to filing suit, alleging defendant had thereafter continued to use and occupy the property; that during the five-year period, defendant became obligated to pay $1,040 as rental, but had paid only $757.40; that defendant had failed to pay items of taxes and fire insurance as agreed; that by holding over after expiration of the alleged lease, defendant became obligated to pay a reasonable rental, which was $4 per week up to the institution of suit; that defendant had made succeeding payments to plaintiffs in the sum of $315.60, leaving a balance of $120.40 as due under the original contract, and still owing sums for subsequent occupancy; praying for damages in such amounts; also for taxes and insurance, additional to title and possession. Sureties on defendant's replevy bond, following sequestration, were made parties and judgment sought against them to the extent of their statutory liability.

Defendant in special pleading alleged a tender of all sums due, in response to the trespass to try title action, and that same was repugnant to plaintiffs' declaration on the above contract, requiring an election. Further, that the 1930 agreement was understood from the beginning, by all parties thereto, to be a sale, and plaintiffs, by their acts and dealings under the contract, were estopped from asserting it to be a lease. Defendant demanded a right to perform thereunder, and for a deed according to the contract. Her cross action reiterated earlier allegations, plead a written statement of plaintiffs', dated November 1st, 1937, in estoppel of their suit and in support of her contention that she had purchased the property in 1930. Defendant alleged that she had continuously exercised the option to buy, the sums already paid being in compliance therewith; that if the 1930 writing be void as a contract of sale, she should recover back all moneys paid by reason of her good faith, and defendants' repeated misrepresentations and fraudulent conduct; pleading a total loss of benefits, for money judgment, etc.

The case was pending in the 68th District Court at the time it was called in the court of the Presiding Judge (the

44th) for trial. It was sent to the 101st District Court and there tried, the final judgment of Hon. Claude McCallum (May 13, 1938), after peremptory instructions and jury verdict, being the subject of this appeal. The docket sheet on the case has the notation "May 12, 1938, transferred to the 101st District Court, Vol. 44, page 475". The said minute book, however, showed the transfer as of May 16, which was subsequent to the trial. Appellant urges that the lower court, even under the liberal provisions of Art. 2092 R.S., Vernon's Ann.Civ.St. art. 2092, was without jurisdiction to try the cause when not sitting for the court where the same was pending and without an antecedent transfer. By certiorari, however, appellees were permitted to perfect the transcript to include a nunc pro tunc order entered on the minutes of the 68th District Court, showing the true date of transfer to be May 12. We think this correction eliminated irregularity, if indeed there was any, in the assumption of jurisdiction by the 101st District Court. At this point, there naturally arises the query: Did not the trial court have ample jurisdiction to hear the cause in the absence of such curative order? Judge Smedley, in De Zavala v. Scanlan, Tex. Com.App., 65 S.W.2d 489, 494, where the same provisions of Art. 2092 were under construction, observed that the statute, sweeping in terms, was enacted for the purpose of expediting the trial of cases in counties having two or more civil district courts, and made the judge of each district court, in effect, the judge of any other district court in the particular county; and, referring to Harris County, said: "Judge Boyd therefore, at the time he tried the case, had the authority to transfer the case from the district court for the Eleventh district to his court, and he also had the authority without transferring the case or without its being transferred to his court to take control of it and try it."

No inconsistency resulted, nor were plaintiffs put to an election by reason of declaring upon the 1930 agreement following their statutory action. The same was necessarily plead in connection with the whole of the transactions between the parties and as a basis for establishing the value of rents or damages as claimed. Art. 7366, Sub. 6. The contract in question, if a lease as contended by plaintiffs, and having terminated, was a proper foundation for plaintiffs' case in trespass to try title. Texas Rural Communities v. Avary, Tex.Civ.App., Amarillo, 113 S.W.2d 597.

Appellant complains of error in the sustaining of many special exceptions by the court, and the giving of peremptory instructions, in view of her defenses and cross action. Even in the absence of any exceptions to defendant's entire pleading, still, under the testimony, which is generally undisputed, the result would have been the same. In other words, the jury received a proper charge on the facts and the law, and plaintiffs' judgment pursuant thereto must be upheld.

It is appellant's principal contention that the 1930 written agreement should be construed as a contract of sale, because of representations made to her before signing and the subsequent acts and conduct of plaintiffs in dealing thereunder when collecting weekly payments. The instrument is plainly a five-year lease, with option to purchase at the expiration thereof, which was October, 1935, Defendant was requested to vacate the property in November, 1937; she in turn demanding a deed and receiving from plaintiffs the following statement:

"Victoria Kopecky 4815 Collins Ave

| Date | County | City | Int. |
|---|---|---|---|
| 1931 | 4.92 | 10.32 | 5.49 |
| 1932 | 4.50 | 10.33 | 4.45 |
| 1933 | 4.21 | 8.51 | 3.05 |
| 1934 | 3.82 | 8.51 | 2.22 |
| 1935 | 3.45 | 11.69 | 1.82 |
| 1936 | 3.42 | 11.69 | .91 |
| 1937 | 3.10 | 11.69 | No. |
| Total | 27.42 | 72.74 | 17.98 |
| Taxes and interest | | 118.14 | |
| Should be paid | | 1468.00 | |
| Is paid | | 1063.05 | |
| Behind with payments | 404.95 | | |
| Purchase price | 1800.00 | | |
| Paid in | 1063.05 | | |
| Total | | 736.95 | |
| Taxes and interest | | 118.14 | |
| Fire insurance | | 28.00 | |
| Total balance | | 883.09" | |

At the time of the foregoing statement, the status of defendant was no more than

a tenant holding over, following the termination of her written lease, the purchase option of which had long since expired; and, at the latter date, any further offer to sell was obviously subject to new terms and conditions, such as were reflected in the above paper. On December 1, 1937, plaintiffs tendered defendant a deed to the realty for $840, payable $4 cash and $4 in weekly installments. On the basis of the original $1,800 sales price, defendant was thus given credit for all rents collected—$1,072.90—the consideration in said deed including $113.37 of taxes and insurance, theretofore paid by plaintiffs, for which defendant was obligated under the 1930 lease. Defendant failed and refused to consummate the new deal, notwithstanding the terms thereof were substantially the same as those embraced in the expired contract and option. Defendant is, therefore, in no position to complain of the adverse judgment under review, despite her "paper tender" and offer to do equity.

■ Moreover, appellant could not require performance of the 1930 writing as a sales contract, for another reason: The realty in suit was the sole and separate property of Victoria Kopecky and defendant does not testify that she was misled into believing otherwise. Sufficient notice of ownership was visited upon her by the deed records alone. The instrument under which defendant claims is void as a contract of sale for want of acknowledgment; Art. 4614, Vernon's Ann.Civ.St. art. 4614. Defendant knew of such defect at all times and is, hence, not entitled to specific performance, or damages; Green v. Hopper, Tex.Civ.App., 278 S.W. 286; Saulsbury v. Anderson, Tex.Civ.App., 39 S.W.2d 142.

What has been said covers the decisive points of defendant's appeal, the remaining assignments being but ancillary thereto. However, all assignments have been fully considered and are each overruled. We affirm the judgment of the trial court.

Affirmed.