HAMMOND v. HAMMOND et al.
No. 11949.

Court of Civil Appeals of Texas. Galveston.
April 15, 1948.

Rehearing Denied May 6, 1948.

Walter S. Hart and Fred Parks, both of Houston, for appellant.

Effie Reslan and Henry J. Lamb, both of Houston, for appellee.

GRAVES, Justice.

This Court, on reconsideration of this cause, having concluded that appellees' motion for rehearing should be sustained, grants the same, sets aside its former judgment of March 18, 1948, reversing and rendering the trial court's judgment in favor of the appellees, withdraws its opinion of that date in support thereof, and now affirms the trial court's judgment herein, upon the following opinion, to-wit:

The appellees, Evalina Hammond and her children, alleging themselves to be the wife, children, and sole heirs of Albert I. Hammond, deceased, filed this suit in the district court of Harris County, Texas, on January 13th of 1947, against the appel-

lant herein, Bonnie Marie Herring Hammond, a feme sole, as holding in her possession as a custodian only, certain property of the estate of Albert I. Hammond, and claiming to have been his wife at the time of his death on the 9th day of March, 1946, by way of a new proceeding in equity; they sought to have declared null and void, as having been procured by fraud upon the court rendering the same, as well as upon themselves, a judgment theretofore rendered by the district court of the 113th district, of Harris County, Texas, in cause No. 261,426 on the docket thereof, styled Albert I. Hammond v. Evalina Hammond, one of these appellees, wherein such judgment purported to divorce Albert I. Hammond and the appellee, Evalina Hammond, as of the 28th day of November of 1939.

The sole ground relied upon by the appellee Evalina Hammond in this independent action for the nullification of the court's judgment in the prior cause, No. 261,426, was the alleged fraud of Albert I. Hammond, in having procured the issuance and service upon herself of a citation-by-publication therein, by making a false affidavit therefor, to the effect that he did not then know her whereabouts, which fact he had likewise testified to upon the trial of such divorce cause; whereas, he in fact had known where she was at such times, hence he, in procuring such decree-of-divorce against her, had perpetrated such fraud upon both herself and the court rendering such judgment of divorce, as nullified and rendered the same wholly void.

As indicated, the appellees prayed for the cancellation of such former decree, which the trial court, after eliciting findings from a jury to the effect that such fraud had been practiced as so alleged, and that the appellee, Evalina Hammond, had used reasonable diligence between the 1st of September, 1944, when she first discovered the existence of the divorce-decree, and the 12th day of January, 1947, in so filing this suit to invalidate it, on the 13th day of January, granted the same; it further specifically declared appellee Evalina Hammond to be the legal surviving spouse of Albert I. Hammond, deceased, and the appellant, Bonnie Marie Herring Ham-

mond, to have been his putative wife, from the 29th day of November, 1939, to the time of Albert I. Hammond's death, on March 9th of 1946.

In this Court, appellant challenges the correctness of such judgment, upon her contention that the pleadings, the evidence, and the jury-findings, were insufficient as a matter-of-law to form the basis for the setting aside by such a proceeding in the nature of a Bill-of-Review, brought pursuant to Rules 329 and 330($l$) TRCP, of the divorce-decree so obtained by Albert I. Hammond against the appellee in 1939.

The appellees, in reply, insist that the findings of the court and the jury, to the effect that Albert I. Hammond, at the time he made his affidavit to the contrary, did know the whereabouts and residence of this appellee, who was then his wife, and upon which he procured the issuance and service of such citation-by-publication against her, and that she, during such interval between the first of September of 1944 and the filing of her suit herein on the 13th day of January, 1947, used reasonable diligence in her efforts to discover such fraud, taken together, entitled them to such judgment declaring the former divorce-decree to have been null and void.

Such attack of appellant upon the trial court's action is held to be unsound, upon these two conclusions:

(1) She mistakes the nature of the proceeding, in that it was not one for a new trial, or as a bill-of-review, under 'either such Rule 329 or 330(1);

(2) The two-year limitation provision for such a motion for a new trial, or a bill-of-review, under those statutes had no application here.

■ As indicated, by its controlling averments, at least, this was a new and independent suit, directly attacking the original divorce-judgment as being wholly void at the time it was rendered, because it was obtained by fraud extrinsic to the record of that trial; hence it invoked the equity jurisdiction of the trial court to so determine, upon the showing made therein that the service-by-publication upon which

the judgment had been rendered was obtained by fraud, wherefore was no valid service at all;

■ So that, the limitation-provision of two years, implicit in bills-of-review or motions for new trial of former judgments, had no application; but rather, by analogy, there being no limitation otherwise prescribed for such an equitable proceeding, the four-year statute of limitation, to-wit, Article 5529, Vernon's Ann.Civ.Stats., would govern in this instance. In other words, it is held that under such statute, where the alleged ground for the invalidity of the judgment is fraud, the rule is well-settled that limitation begins to run against it from the time of the discovery of the fraud, or from the time it could have been discovered by reasonable diligence. Note 31 under V.A.C.S., and cited authorities.

■ The trial court's judgment likewise, as the appellees' answer to the appellant's position quoted supra has indicated, followed only after it had properly submitted and the jury had affirmatively found the controlling questions-of-fact, (1) as to whether or not such fraud had been in this instance visited upon the court and the appellees, and (2) whether the latter had filed their suit herein in the exercise of reasonable diligence after discovering the same; those findings have been in no sense successfully attacked here, so that they are binding upon this Court, hence it too must likewise find that the appellees properly brought their suit within the permissible time allowed them therefor.

It is true, as the appellant points out, that the appellees further attacked the divorce-judgment, as indicated in a preceding recitation herein, upon charges that the testimony of the deceased, Albert I. Hammond, at the time of and in procuring such divorce-decree, to the effect that his then-wife, this appellee, had abandoned him and had lived apart from him for ten years was likewise false.

■ But those averments, not having been necessary, nor proper, nor material on the issue of whether or not that divorce-decree was valid or invalid because not obtained upon lawful service against her, may be disregarded here as mere surplusage; it may be that that inquiry would have raised issues of "internal fraud", as appellant insists, under such authorities as State v. Wright et al., Tex.Civ.App., 56 S.W.2d 950, and O'Meara v. O'Meara, Tex. Civ.App., 181 S.W.2d 891, hereinafter further cited, but the judgment here appealed-from did not rest upon any such basis.

On the contrary, as the record indisputably shows, the appellee Mrs. Hammond did not herein seek a new trial of the old cause for divorce against her, but sought only to wipe out the judgment therein as being wholly void, by establishing that the court that rendered it had no jurisdiction over her for the reason that the only service had therein against her was constructive-service-by-publication, based alone upon a false affidavit; therefore, she neither sought to go into the merits of such decree against her, nor to obtain a different result therein, nor to ask a new trial thereof; indeed, she further plead and proved here that her ex-husband had, in the meantime, died on the 9th day of March, 1946, consequently, that no new trial in this proceeding so terminated by the judgment on the 14th day of July, 1947, would have been possible. See Rimbow v. Rimbow, Tex.Civ.App., 191 S.W.2d 89, page 91, par. 4.

■ As before indicated, appellant argues that the fraud herein claimed was intrinsic rather than extrinsic, hence was not actionable in the appellees' behalf. But that obviously is not sound as applied alone to the validity of the service-by-publication, upon which in this regard the appellees grounded their cause. That fraud was not an issue in, nor part of, the divorce-trial, and any false testimony the deceased husband may have perpetrated therein likewise formed no part of the falsity alleged and found upon his part in procuring the citation-by-publication.

■ Moreover, the appellant appears to admit in her brief that a correct definition of "extrinsic" as distinguished from "intrinsic" fraud is thus stated by the Court in O'Meara v. O'Meara, Tex.Civ.App., 181 S.W.2d 891, 893, to-wit:

832

" 'Extrinsic fraud' or 'collateral fraud' exists when unsuccessful party is kept away from the court by a false promise of compromise, or *purposely keeping him in ignorance of the suit * * * "*, the italics having been added here.

It follows, unmistakably, as seems to this Court, the falsity of the affidavit for the citation-by-publication against this appellee Mrs. Hammond having been so established, as well as the fact of her due diligence in having so brought her suit after having discovered the fraud, that, under well-settled authority, the trial court was correct in decreeing such divorce-judgment against her to have been wholly void, and of no force and effect whatever. Martin v. Sheppard et al., Tex.Sup., 201 S.W.2d 810; Reed v. State, 148 Tex.Cr.R. 409, 187 S.W.2d 660, (25 Tex.Jur., pp. 693, 694).

Further discussion is deemed unnecessary, since these conclusions determine the merits of the appeal.

Appellees' motion for rehearing granted, this Court's former judgment set aside and opinion withdrawn, and the trial court's judgment in all things affirmed.