## SOUTH TEXAS DEVELOPMENT CO.
### et al., Appellants,
### v.
### Elmer G. MARTWICK et al., Appellees.
#### No. 3648.

Court of Civil Appeals of Texas.

Waco.

Sept. 23, 1959.

Rehearing Denied Oct. 29, 1959.

W. J. Knight, Houston, W. C. McClain, Conroe, for appellants.

J. C. McEvoy, Hempstead, for appellees.

McDONALD, Chief Justice.

This is a suit brought by E. G. Martwick and R. J. Martwick, the heirs of Emma Martwick, deceased, against the South Texas Development Company, (a New York corporation), Gladstell Lumber Company (and four others), to set aside a judgment of the 55th District Court of Harris County, rendered on 19 July 1922, and to recover title to 75¾ acres of land in the Daniel O'Boyle Survey, Waller County, Texas, the title to which had been vested in the South Texas Development Company by said judgment.

Emma Martwick, mother of the plaintiffs, acquired the 75¾ acres in Waller County by deed from Anna Gunthner in 1909. She paid the taxes up on such property, and thereafter up to and including 1957, the taxes on such property were paid by either Emma Martwick or by the plaintiffs. The deed by which Emma Martwick acquired the property recited her address to be in the City of Chicago, County of Cook, State of Illinois. Emma Martwick corresponded with the Tax Collector of Waller County from time to time, paid her taxes to him, and his office contained the address of Emma Martwick. She visited the property in Waller County every year or two in company with her sons. In 1931 Emma Martwick had the property surveyed.

In 1922 the defendant South Texas Development Company, owning other land in the O'Boyle Survey of Waller County, Texas, brought suit in trespass to try title for the entire O'Boyle Survey against a great number of defendants. Such suit was against Emma Martwick and husband ———— Martwick (among others) and such petition recites that "defendants claim the land under the following deeds and muniments of title: " * * * Deed from Anna Gunthner to Emma Martwick, dated September 22, 1909 and recorded in Volume 33, page 96." Such suit was instituted and had in Harris County, Texas (although the land involved was in Waller County). Service on Emma Martwick was had by publication. Service by publication was obtained upon the affidavit of D. Atchison, Manager of the South Texas Development Company, wherein he swore *"the places of residence of all the defendants herein * * * are unknown to affiant, * * *"*. The judgment in such 1922 trespass to try title case awarded title and possession of the 75¾ acres herein in controversy to South Texas Development Company.

Trial was to a jury, which in answer to special issues in the instant case, found:

(1) D. Atchison, General Manager of the South Texas Development Company, falsely represented under oath that he did not know the residence of Emma Martwick.

(2) Emma Martwick was thereby deprived of making a defense in such cause.

(3) Plaintiffs did not discover the existence of the 1922 judgment before 27 January 1950.

(4) Plaintiffs and Emma Martwick exercised reasonable diligence to learn of the existence of the 1922 judgment.

(5) Mary Theresa Boyle was the sole heir of Daniel O'Boyle, deceased.

(6) Anna Gunthner was the sole heir of John Gunthner, deceased.

(7), (8), (9) South Texas Development Company did not have peaceable and adverse possession of the 75¾ acres for 3, 5, or 10 years prior to the 1922 judgment.

(10) Gladstell Lumber Company was not a bona fide purchaser (of the surface rights) of the land in controversey, from South Texas Development Company in 1947.

The Trial Court entered judgment for plaintiffs setting aside the 1922 judgment as to plaintiffs, and decreeing title and possession of the 75¾ acres to plaintiffs.

Defendants appeal, contending:

(1) The Trial Court erred in setting aside the 1922 judgment for mere irregularities in the affidavit upon which the citation by publication was issued.

(2) The Trial Court erred in setting aside the 1922 judgment because plaintiffs' suit was a collateral attack upon the judgment, it not having been filed in the court which rendered the 1922 judgment.

(3) The jury's answers to Issues 1, 2, 3, 4, 5, 7, 8, and 9 are without evidence to support same and/or the evidence supporting same is contrary to the overwhelming weight and preponderance of the evidence.

We revert to defendants' 1st contention, that the Trial Court erred in setting aside the 1922 judgment for mere irregularities in the affidavit upon which the citation by publication upon Emma Martwick was had.

Article 1874, R.C.S.1911, which was the applicable statute, stated:

> "Where any party to the suit * * * shall make oath at the time of instituting the suit * * * *that the party defendant is a nonresident of the state,* or that he is absent from the state, or that he is a transient person, or *that his residence is unknown to affiant,* the

clerk shall issue a citation for the defendant * * *" (by publication).

(Under the foregoing statute no diligence to ascertain defendant's residence was required to be shown).

In the 1922 case, D. Atchison, General Manager of the South Texas Development Company, made affidavit that he did not know the residence of Emma Martwick. The jury found such affidavit was false and thereby deprived Emma Martwick of making a defense in such cause. The South Texas Development Company here contends that had D. Atchison sworn that Emma Martwick was a nonresident of the state, which he could have truthfully done under the applicable statute, that the same service by publication as was made would have been made in that event; and that having been given the same notice by publication as she would have been given had Atchison sworn she was a nonresident, that the falsity of the affidavit cannot be said to have resulted in injury. South Texas Development Company further contends that the alleged falsity of the affidavit amounts only to *intrinsic* fraud, proof of which cannot set aside the 1922 judgment.

We cannot agree with such contentions.

■ Since authority for citation by publication comes solely from the statutes, enactments authorizing the mode of service are strictly construed; *and when a statute provides for constructive service in a given case the method prescribed is exclusive and admits of no substitute.* 33 Tex.Jur. p. 851; Mabee v. McDonald, 107 Tex. 139, 175 S.W. 676, 684; Maury v. Turner, Tex. Com.App., 244 S.W. 809, 811.

■ The applicable statute provided that service by publication might be had upon making an affidavit that the defendant's residence was unknown, or an affidavit of the existence of some three other conditions. D. Atchison chose to make affidavit that he did not know the defendant's residence.

The jury found such affidavit to be false. Our Supreme Court, in Kitchen v. Crawford, 13 Tex. 516, 519–520, says:

> "It is not the making of the affidavit, but the truth of it, that is, the existence in fact of the assumed condition which enables the court to acquire jurisdiction over the person of the defendant by publication."

This court, in Seastrunk v. Kidd, Tex.Civ. App., 53 S.W.2d 678, 680, says:

> "It is an independent suit in equity to vacate and annul said judgment on the ground that the affidavit made by Henrietta Dailey in said cause for service by publication was false and fraudulent, and the service predicated thereon and the judgment rendered in pursuance of such service were void or voidable and subject to be vacated upon judicial ascertainment of said facts."

Fraud vitiates every transaction tainted by it, even the solemn judgments of courts of record. Drinkard v. Ingram, 21 Tex. 650. See also: Reed v. State, 148 Tex.Cr.R. 409, 187 S.W.2d 660; Hammond v. Hammond, Tex.Civ.App., 210 S.W.2d 829, W/E Dis.; 22 A.L.R.2d at page 1328 et seq.

We think it is no defense to say that Atchison could have sworn to a truth which would have secured the same service—and that this excuses the fraud. A true affidavit was required to effectuate *this* service by publication. The affidavit filed herein was false. What might have been is of no consequence. South Texas Development Company's position must stand or fall on the record made—here, on the affidavit actually made by D. Atchison. As to whether such fraud was intrinsic or extrinsic—fraud which denies the opportunity to fully litigate, or from having a trial, or know of the suit, is extrinsic. The affidavit made, procured the issuance of the service by publication. If the affidavit was fraudulent, such was extrinsic fraud under the holding of our Supreme Court in Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996.

See also Hammond v. Hammond, supra. Appellants' 1st contention is overruled.

Appellants' 2nd contention is that the jurisdiction of the 55th District Court was never invoked in the instant case; that the suit was a collateral attack; and that the Trial Court was without power to set the 1922 judgment aside. The 1922 judgment was rendered in the 55th District Court of Harris County, Texas. The instant case was originally filed in the 113th District Court of Harris County, and later transferred to the 157th District Court of Harris County, Texas. The Judge of the 157th District Court tried the case. Plaintiffs filed a motion directing the Trial Court's attention that the case was a direct attack on the 1922 judgment and requesting the 157th District Court to sit and hear and try such case as for the 55th District Court. Such motion was granted. Appellants made no exception to the foregoing motion, and made no objection to the order entered thereon. Scott v. Gardner, 137 Tex. 628, 156 S.W.2d 513, 141 A.L.R. 50; Rules 90 and 91, Texas Rules of Civil Procedure. In the judgment rendered herein the court expressly *"determined that this court may and shall sit as and for the 55th District Court for the purpose of hearing this cause, which involves a direct attack upon a judgment rendered 19 July 1922 by the District Court of Harris County, 55th Judicial District."*

We think that the jurisdiction of the 55th Judicial District Court has been invoked herein, and that such jurisdiction relates back to the filing of the instant case with the District Clerk of Harris County, Texas. To hold otherwise would be to employ the strictest possible interpretation of the applicable rules; be hypertechnical to a point which stretches credulity; and furthermore would render and result in a rank injustice. See Rules 1 and 330, T.R.C.P.; Boyles v. Cohen, Tex.Civ.App., 230 S.W.2d 604, W/E Ref. NRE; Ross v. Drouilhet, 34 Tex.Civ. App. 327, 80 S.W. 241, W/E Refused; De Witt v. Republic Nat. Bank, Tex.Civ.App., 168 S.W.2d 710, W/E Ref. W.M.; De Za-

vala v. Scanlan, Tex.Com.App., 65 S.W.2d 489, 491; Hendricks v. Kopecky, Tex.Civ. App., 133 S.W.2d 837, W/E Dis. Jdmt. Correct.

Appellants rely on Empire Gas & Fuel Co. v. Albright, Tex.Com.App., 126 Tex. 485, 87 S.W.2d 1092; and Ex parte Goldsmith, 155 Tex. 605, 290 S.W.2d 502. The Empire Gas & Fuel Co. case involved an attack in one court upon a judgment of another court, without the entry of any order or otherwise attempt to invoke the jurisdiction of the court which had entered the judgment sought to be set aside. The Goldsmith case involved an attempt to set aside a *continuing child support* order entered by another District Court. Moreover, there was no order or otherwise attempt by the court of forum to invoke the jurisdiction of the court which entered the continuing support order. We think these authorities are inapplicable, and overrule contention 2.

Appellants' 3rd contention is that there is no evidence or insufficient evidence to support the jury's findings to Issues 1, 2, 3, 4, 5, 7, 8, and 9. In Issue 1 the jury found that D. Atchison, in making the affidavit for service by publication in the 1922 case, falsely represented under oath that he did not know the residence of Emma Martwick. The record reflects that D. Atchison was General Manager of the South Texas Development Company which instituted the 1922 suit; that he had at his command and in his possession all means of knowledge of the residence of Emma Martwick. The petition to which his affidavit was attached had a volume and page reference to the deed by which Emma Martwick acquired the property, which duly recorded deed recited her residence. Abstracts to the entire O'Boyle Survey were in Atchison's possession, which in turn reflected the residence of Emma Martwick. South Texas Development Company and its manager, D. Atchison, are presumed to have knowledge of the contents of instruments and documents shown to be in their possession. Dossett v. Franklin Life Ins. Co., Tex.Com.App., 276 S.W. 1097,

opinion adopted; 17 Tex.Jur., Sec. 65, p. 262; 4 Ten Yr. Supp. Tex.Jur., Sec. 65; 20 Am.Jur., Sec. 212, p. 210, et seq. Her name and address appeared on the Waller County tax rolls and was known to the Tax Collectors through the years. South Texas Development Company had secured a number of affidavits pertaining to the property which they filed after taking the 1922 judgment. These affidavits reflected that considerable investigations had been made in Waller County concerning the O'Boyle Survey and claims concerning it. Emma Martwick had paid the taxes through the years and corresponded with the various Tax Collectors and with the Sheriff of Waller County. The case was filed in Harris County while the land was located in Waller County. While there is an absence of *direct* evidence that Atchison *knew* the residence of Mrs. Martwick, we think the evidence is sufficient to sustain the jury's finding. The jury was entitled to draw reasonable inferences from the facts proven and circumstances in the case. See Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194, point 6. Proof of fraud does not consist solely of those isolated instances where the spoken word ostensibly reveals the inner mind of a man. Defendants' 1922 judgment for the land here in controversy was predicated upon perfection of title under the 10 Year Statute of Limitations. The evidence in the instant case by the defendants' witnesses Dinkins and Attaway, who testified that they were employed by defendants in about 1909 to fence the O'Boyle Survey and then keep such fences up for ten years, and that they testified to such facts in the 1922 trial. The jury's answers to Issues 7, 8, and 9 in the instant case, predicated upon what we think is sufficient and adequate evidence, convicts these witnesses of giving false testimony in the 1922 proceeding. While we realize that such false testimony amounts to only *"intrinsic fraud"*, nevertheless it strengthens our conclusions herein reached that the entire 1922 proceeding is tainted with fraud, and that the record as a whole reflects that South Texas Development

Company is not with clean hands in this entire controversy; and that the record as a whole is clearly sufficient to sustain the jury's answer to Issue 1. The evidence in support of the other issues is present in great abundance. Appellants' contention 3 is overruled.

All of appellants' points and contentions have been carefully considered and it is our conclusion that none present reversible error.

The judgment of the Trial Court is accordingly affirmed.