**James E. LEE, Appellant,**

v.

**James E. THOMAS, Appellee.**

No. 5534.

Court of Civil Appeals of Texas, Waco.

Feb. 26, 1976.

Rehearing Denied March 31, 1976.

Everett & Law, Jim Law, Dallas, for appellant.

Blassingame, Osburn & Dominguez, Robert H. Osburn, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

Proceeding on bill of review for relief from default judgment. Appellant Lee appeals from judgment of the trial court granting a bill of review in Cause 73–5320–L; setting such default judgment aside; granting appellee Thomas a new trial; and

rendering judgment in such case that appellant Lee take nothing against appellee Thomas.

On June 13, 1973 Thomas shot Lee with a pistol. Shortly thereafter Thomas was arrested and lodged in the Dallas County jail. On July 20, 1973 Lee sued Thomas in Cause 73–5320–L for damages for assault. On July 23, 1973 Thomas was served with citation in the Dallas County jail. On August 13, 1973, answer date in Cause 73–5320–L, Thomas had filed no answer. On August 31, 1973 the trial court rendered default judgment against Thomas for $15,000. damage and $15,000. exemplary damage; such judgment being signed on September 25, 1973.

Lee's attorney, pursuant to Rule 239 TRCP certified Thomas' last known mailing address was 308 Winslett Drive, Dallas, Texas 75214, to which address the District Clerk mailed a copy of the judgment, when in fact Thomas was still in Dallas County jail.

On October 25, 1973 Thomas was found insane in the court having jurisdiction of his criminal case, and sent to Rusk State Hospital where he died June 30, 1975.

On November 8, 1974 this bill of review was filed by Thomas. On July 25, 1975 trial was held before the court, which rendered judgment granting Thomas bill of review, and decreeing Lee take nothing by his original suit.

The trial court filed Findings of Fact and Conclusions of Law, pertinent of which are summarized:

### Findings of Fact

#### IV.

On June 13, 1973 Thomas believed Lee had assaulted him and taken $250. from him.

#### V.

On June 13, 1973 Thomas shot Lee.

### VI.

Thomas was arrested and confined in the Dallas County jail on June 13, 1973 as result of the shooting.

### VII.

On July 23, 1973 Thomas was served with process in Cause 73–5320–L styled *James Lee v. James Thomas.*

### VIII.

James Grigson, MD conducted an interview and mental examination of Thomas in the Dallas County jail on August 9, 1973 at request of Dallas County District Attorney. The examination consisted of: 1) General appearance and behavior; 2) Production of thought; 3) Affect and mood; 4) Content of thought; 5) Sensorium.

### IX.

On August 9, 1973 Thomas had brain damage, rambled rather than being goal directed, and expressed a chronic brain syndrome with paranoid delusions; all contributed to by hardening of the arteries.

### X.

On August 9, 1973 Thomas' emotional response consisted of labile affect, meaning he would cry spontaneously and inappropriately; he had no control over his emotional responses; and he had impaired reasoning and judgment.

### XI.

On June 13, 1973, the date of the shooting, Thomas suffered from a paranoid delusional system and chronic brain syndrome resulting from hardening of the arteries.

### XII.

On June 13, 1973 Thomas was insane.

### XIII.

On June 13, 1973 Thomas did not know the difference between right and wrong, and was not able to manage his affairs.

### XIV.

On July 20, 1973 (date suit 73–5320–L was filed) and on July 23, 1973 (date service had) Thomas was insane and did not know the difference between right and wrong and was not able to manage his affairs.

### XV.

On August 9, 1973 Thomas was insane.

### XVI.

On June 13, July 20, August 9, August 31, and September 25, 1973 and all dates between, Thomas was incapable of managing his business and financial affairs because of impairment in his reasoning and judgment resulting from chronic brain syndrome and paranoid delusions.

### XVII.

Thomas was in fear of Lee on June 13, 1973.

### XVIII.

On August 14, 1973 Richard Banks, attorney was appointed to represent Thomas in the criminal case resulting from the June 13, 1973 shooting.

### XIX.

Banks is an expert in criminal law.

### XX.

On October 25, 1973 a jury determined Thomas insane and he was committed to the Rusk State Hospital.

### XXI.

Banks asserted, based on statements made by Thomas, that Thomas had a meritorious defense to his criminal case, such defense being self defense.

### XXII.

Thomas died June 30, 1975 while confined in Rusk State Hospital.

### XXIII.

On August 31, 1973 Lee took $30,000. default judgment against Thomas, which was entered September 25, 1973. The hearing was not reported by a court reporter, and no statement of facts were made.

### XXIV.

Thomas was not appointed a guardian to represent him in Cause 73–5320–L prior to judgment.

### XXVI.

On December 28, 1973 Lee garnished funds from the Grove State Bank in Dallas to be applied on the $30,000. judgment.

### XXIX.

In June 1974, Herb Sucherman was appointed Guardian of the person and estate of Thomas.

### XXX.

In November 1974, Sucherman filed the instant Bill of Review to set aside the judgment in Cause 73–5320–L on behalf of Thomas.

### XXXII.

The judgment in Cause 73–5320–L was set aside because the requirements of a Bill of Review were met.

### XXXIII.

All parties announced ready in open court for a new trial of Cause 73–5320–L.

### XXXIV.

The court heard all evidence, reviewed the pleadings and listened to argument of counsel and found the law and facts to be with Thomas and against Lee, and judgment was ordered plaintiff Lee take nothing in Cause 73–5320–L.

### *Conclusion of Law*

### VI.

Thomas was insane, incompetent, did not know right from wrong, did not know the nature and consequences of his actions, was not able to properly conduct his business affairs, and was not coherent enough to deal in any business on June 13, 1973, or any time thereafter.

### IX.

Thomas has the meritorious defense of self defense, to Lee's suit against him in Cause 73–5320–L.

### X.

Thomas was prevented from asserting his meritorious defense because he was insane at the time Cause 73–5320–L was filed, July 20, 1973; at time notice of the suit was served on him, July 23, 1973; at the time Dr. Grigson examined him, August 9, 1973; at the time Dr. Grigson notified 203rd District Court by letter that Thomas was insane, August 15, 1973; at time of trial August 31, 1973, and at time default judgment was rendered against him, September 25, 1973.

### XI.

The service attempted on Thomas violated due process because he was incapable of waiving citation.

### XII.

Thomas was prevented from asserting the meritorious defense of self defense because of fault, accident or wrongful act of Lee in that Lee gave no notice to the court on August 31, 1973 or September 25, 1973, of the proceeding in 203rd District Court.

### XIII.

No request was made to the court by Lee on August 31, 1973, or September 25, 1973 to appoint a guardian to represent Thomas, as required by Rule 173 TRCP.

### XIV.

No guardian was appointed to represent Thomas.

### XV.

Lee offered no evidence that Thomas was insane, but did offer evidence of matters in the 203rd District Court.

### XVI.

There was no fault or negligence of Thomas in his failure to assert a meritorious defense because Thomas was insane at the time Cause 73–5320–L was filed, service had, and judgment taken.

### XVII.

There was no fault or negligence in failing to assert the meritorious defense by Trudy Thomas because the first actual notice she had that judgment had been taken was by the bank in early 1974, at which time the time had elapsed for filing motion for new trial.

## XVIII.

The judgment taken was voidable.

## XIX.

Thomas being insane, could not waive service, nor could he waive the court reporter reporting Cause 73–5320–L.

## XX.

No answer was filed by Thomas before the default judgment due to the fault,.accident and/or wrongful act of Lee in not offering evidence on the state of Thomas' insanity.

Appellant Lee appeals on 44 points contending:

1) The trial court erred in granting the Bill of Review because there is no evidence, and insufficient evidence that:

   a) Thomas had a meritorious defense to Lee's cause of action, which

   b) He was prevented from presenting because of fraud, accident or wrongful act on Lee's part, with

   c) No negligence on his own part or on the part of his agents;

   and such conclusions are against the great weight and preponderance of the evidence.

2) There is no evidence and insufficient evidence to support Fact IV, (that Thomas believed Lee had assaulted him); Fact IX, (that on August 9, 1973 Thomas had brain damage); Fact XII, (that on June 13, 1973 Thomas was insane); Fact XIII, (that on June 13, 1973 Thomas did not know the difference in right and wrong); Fact XVII, (that Thomas was in fear of Lee on June 13, 1973); Fact XXI, (that Attorney Banks could assert Thomas had a meritorious defense of self defense); Fact XXXII, (that the requirements of a Bill of Review were met); and such findings are against the great weight and preponderance of the evidence.

3) The trial court erred in its conclusion IX (that Thomas had the meritorious defense of self defense); Conclusion X, (Thomas was prevented from asserting his meritorious defense because he was insane); Conclusion XII, (that Thomas was prevented from asserting his meritorious defense because of fault, accident or wrongful act of Lee); Conclusion XVI, (Thomas was not negligent in failing to assert a meritorious defense because he was insane); Conclusion XVII, (Trudy Thomas was not negligent because the first actual notice she had of the judgment was by the bank in 1974, after time to file motion for new trial); Conclusion XX, (that no answer was filed by Thomas before the default judgment due to fault; accident and/or wrongful act by Lee in not offering evidence of Thomas' insanity); Conclusion XI, (service on Thomas violated due process); because there is no evidence, and insufficient evidence upon which to make such conclusions, and same are against the great weight and preponderance of the evidence.

4) The trial court erred in failing to conclude as a matter of law that Thomas was barred by laches or estoppel from maintaining his Bill of Review.

The rules for granting a bill of review are set out in *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996; *Hanks v. Rosser,* Tex., 378 S.W.2d 31, and *Gracey v. West,* Tex., 422 S.W.2d 913. Such cases hold that before a litigant can successfully set aside a final judgment he must allege and prove:

1) A meritorious defense to the cause of action alleged to support the judgment;

2) Which he was prevented from making by fraud, accident or wrongful act of the opposite party;

3) Unmixed with any fault or negligence on his part.

■ Meritorious defense: Thomas alleged he had a meritorious defense to Lee's cause of action. The trial court found Thomas believed Lee had assaulted him; that Thomas was in fear of Lee on June 13, 1973; that Attorney Banks, an expert in criminal law (who was appointed to represent Thomas in the criminal case) testified Thomas had the meritorious defense of self defense; that Thomas had the meritorious defense of self defense; and that Thomas was insane on June 13, 1973, and at all times thereafter. There is ample evidence to support such findings, and such are not against the great weight and preponderance of the evidence. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660.

■ One acting in self defense at the time of inflicting injuries on his assailant is not liable for damages therefor. *Koons v. Rook,* Com.Appls., 295 S.W. 592; and an insane person is not liable for exemplary damages for inflicting injury on another. *Eidinoff v. Andress,* CCA (El Paso) NRE, 321 S.W.2d 368; *Ross v. York,* CCA (El Paso) Er.Dismd., 233 S.W.2d 347.

Thomas had the meritorious defense of insanity as to the $15,000. exemplary damages, and the meritorious defense of self defense to Lee's entire cause of action.

Was Thomas prevented from making such defenses by fraud, accident or wrongful act of Lee?

■ Lee filed his suit against Thomas on July 20, 1973, and caused Thomas to be served with process in the County jail on July 23, 1973. Thus Lee knew that Thomas was in jail. When Thomas filed no answer and the trial court proceeded to hear the case on August 31, 1973, Lee did not advise the trial court that Thomas was in jail. When the trial court signed its judgment on September 25, 1973, the District Clerk testified that a copy was mailed to Thomas at 308 Winslett Drive, Dallas, Texas 75214, *"the address furnished the court by Lee's attorney on the certificate provided for by Rule 239a TRCP."* At this time Lee's attorneys knew Thomas was in the County jail.

Had judgment been mailed to him at that place it is possible Thomas would have filed or caused to be filed a motion for new trial, or proceeded for review of the judgment by writ of error. And while there is no affirmative evidence in the record that Lee or his attorneys knew Thomas was insane, Lee was the prosecuting witness in the assault to murder complaint against Thomas; knew he was in jail; knew he was about 83 years of age; filed civil action against him for the assault, and must have been keeping up with the criminal case. But be that as it may, when Lee's counsel made the false certificate that Thomas' last known address was 308 Winslett Drive, Dallas, Texas, this constituted extrinsic fraud which denied Thomas the opportunity to fully litigate, file motion for rehearing, writ of error, or to know of the trial and judgment. *South Texas Development Co. v. Martwick,* CCA (Waco) NRE, 328 S.W.2d 230; *Hammond v. Hammond,* CCA (Galveston) Er.Dismd., 210 S.W.2d 829; *Alexander v. Hagedorn,* supra; *Seastrunk v. Kidd,* CCA (Waco) NWH, 53 S.W.2d 678, and *Dudley v. Lawler,* CCA (Waco) NWH, 468 S.W.2d 160.

■ Was Thomas at fault or negligent? Thomas was insane at all material times. He thus could not be at fault or negligent in such situation, and appellant's brief so concedes.

All appellant's points and contentions have been considered, none present reversible error, and all are overruled.

AFFIRMED.